QUESTION: Is it permissible for the state attorney of each judicial circuit, for payroll purposes, to authorize the employment of nonlawyers as assistant state attorneys in nonclassified positions, thereby making them eligible for compensation from state funds commensurate with that provided properly appointed assistant state attorneys?
SUMMARY: Under s. 100.051(2)(j), F.S., all positions in a state attorney's office except those of assistant state attorneys are positions whose salaries are fixed by the Department of Administration; thus, it is not permissible for a state attorney to designate nonlawyer employees of his office as "assistant state attorneys" for the sole purpose of paying them the salary authorized by law for assistant state attorneys. You have advised that the employees designated as "assistant state attorneys" for payroll purposes would not be required to take and subscribe to the written oath required by law, s. 27.181(2), F.S., for assistant state attorneys and would not actually perform the duties of assistant state attorneys. This is understandable in view of the fact that s. 27.181(3), id., provides that an assistant state attorney "shall have all of the powers and discharge all of the duties of the state attorney appointing him, under the direction of said state attorney, . . . ." (Emphasis supplied.) And it seems clear that an assistant state attorney who is appointed to serve as such and takes an oath to carry out the duties of the state attorney in accordance with this statutory requirement must be a member of The Florida Bar, even though there is nothing in the Constitution or the general laws of this state specifically so providing. It is equally clear that the designation of a nonlawyer employee as an assistant state attorney when the employee's duties would be limited to investigative, clerical, or other activities which are within the purview of the classified positions in the state attorney's office would violate one statute and possibly two. Under s. 100.051(2)(j), F.S., all officers and employees of the judicial branch of state government are exempt from the State Career Service System, with this proviso: "provided, however, that the department [of administration] shall set the salary of these positions, unless otherwise fixed by law." The salaries of state attorneys are, of course, fixed by the General Appropriations Act, s. 11 of Ch. 74-300, Laws of Florida, and a state attorney sets the salaries of his assistant state attorneys "in an amount not to exceed 90 percent of that state attorney's salary. . . ." Section 27.181(4), id. However, under the proviso to s. 100.051(2)(j), the salaries of all other positions in the state attorneys' offices are required to be fixed by the Department of Administration, which necessarily requires that such positions be classified according to the job descriptions. Thus, when an employee of a state attorney is actually performing the duties of a classified position, such as an investigator or office manager, the designation of such employee as an assistant state attorney for the sole purpose of bypassing the department's judgment as to the proper pay scale for this position would be a clear violation of the statute in question — which, as noted above, vests in the Department of Administration the duty to set the salaries of these employees. There is another statute that might possibly be violated. This is s. 454.23, F.S., which, as amended by Ch. 74-128, Laws of Florida, provides that any person who is not licensed to practice law in this state "who willfully pretends to be, or willfully takes or uses any name, title, addition or description implying that he is qualified or recognized by law as qualified to act as a lawyer in this state, . . ." shall be guilty of a misdemeanor. While a nonlawyer employee who takes the title of assistant state attorney solely for the purpose of avoiding the salary limitations prescribed by the Department of Administration might not be guilty of a criminal offense within the letter of this law, this would seem to be contrary to its spirit and intent. Accordingly, your question is answered in the negative.